UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Charley, #265146, | ) | C/A No. 3:11-2584-CMC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. Circuit Judge Niemeyer; | ) | **REPORT OF MAGISTRATE JUDGE** |
| U.S. Circuit Judge King; | ) | |
| U.S. Circuit Judge Agee; | ) | |
| U.S. District Judge Cameron McGowan Currie, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## Background

This *pro se* Plaintiff is incarcerated at the Evans Correctional Institution, a facility of the South Carolina Department of Corrections, and he brings this civil rights action against four United States judges. Plaintiff alleges that Judge Currie[1] violated his constitutional rights by her actions in a prior lawsuit in this Court. *See* Opinion and Order, *Charley v. Orangeburg Co. Sheriff Dep't*, C/A No. 5:11-51-CMC-KFM (D.S.C. Feb. 22, 2011), ECF No. 17. Specifically, Plaintiff alleges that because he was granted *in forma pauperis* status in that action, Judge Currie erred by dismissing the case without service of process upon the defendants because the court must have ordered service of process. This Court takes judicial notice that in *Charley v. Orangeburg Co. Sheriff Dep't*, C/A No. 5:11-51-CMC-KFM (D.S.C. Feb. 22, 2011), Judge Currie did dismiss the action without prejudice and without issuance and service of process.[2] Also, Plaintiff alleges that he

---

[1] The Honorable Cameron McGowan Currie, United States District Judge, has been assigned to this case.

[2] It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

sought a default judgment but that he was denied his right to have the default judgment entered. Plaintiff further alleges that, on his appeal in C/A No. 5:11-51-CMC-KFM, the appellate Circuit Judges Niemeyer, King, and Agee, were deliberately indifferent to his rights when they ruled that the district court committed no reversible error. *See* Opinion, *Charley v. Orangeburg Co. Sheriff Dep't*, C/A No. 5:11-51-CMC-KFM (D.S.C. Sept. 6, 2011), ECF No. 26. This Court takes judicial notice that the United States Court of Appeals for the Fourth Circuit, with Circuit Judges Niemeyer, King, and Agee presiding, affirmed the district court's order. *Id.* Plaintiff alleges that all Defendants violated his right to due process and that they were deliberately indifferent and obstructed justice. Plaintiff alleges that his claims in the case *sub judice* are clear and evident in the record. He seeks money damages against the Defendants and requests disciplinary action against the Defendants such that they be barred from serving as judges.

## Discussion

Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening

2

Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978). *See also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12-13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In this case, Plaintiff alleges that Judge Currie, in *Charley v. Orangeburg Co. Sheriff Dep't*, C/A No. 5:11-51-CMC-KFM (D.S.C. Feb. 22, 2011), entered an erroneous

3

order to dismiss the action without prejudice and without service of process.  Plaintiff also may be alleging that Judge Currie denied his right to have a default judgment entered in that case in his favor.  Thus, Plaintiff is attacking Judge Currie's judicial actions in his prior case for the sole reason that the actions were allegedly erroneous.  Plaintiff further alleges that, on his appeal to the Court of Appeals for the Fourth Circuit in C/A No. 5:11-51-CMC-KFM, Judges Niemeyer, King, and Agee were deliberately indifferent to Plaintiff's rights when they ruled that the district court committed no reversible error and affirmed the district court order.  Thus, Plaintiff is attacking the Circuit Judges' judicial actions for the sole reason that allegedly their actions were erroneous.  Plaintiff does not allege that any actions taken by any of the Defendants were nonjudicial actions.  Plaintiff instead seeks to sue Defendants for judicial actions taken in Plaintiff's prior case.  Judicial absolute immunity is squarely on point in this case, and it should bar this action.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *with prejudice* based on immunity and frivolousness.  It is recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g), based on frivolousness because the Complaint is based on an indisputably meritless legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009).  Plaintiff's attention is directed to the important notice on the next page.

September 30, 2011                          s/ Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).